NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHNNEY R. WEAVER,**
*Plaintiff-Appellant,*

**v.**

**ROBERT E. HOUCHIN,**
*Defendant-Appellee.*

---

2011-1327

---

Appeal from the United States District Court for the Northern District of Texas in case no. 09-CV-0187, Judge John H. McBryde.

---

Decided: March 7, 2012

---

ANDREA L. NATION, The Nation Law Firm, of Dallas, Texas, for plaintiff-appellant.

ANDREW D. SIMS, Harris, Finley & Bogle, P.C., of Fort Worth, Texas, for defendant-appellee. With him on the brief were RUSSELL R. BARTON and TENNESSEE W. WALKER.

---

Before LOURIE, BRYSON and MOORE, *Circuit Judges*.

PER CURIAM.

Mr. Johnney R. Weaver appeals the summary judgment of the district court that he failed to prove he is a co-inventor of U.S. Patent No. 7,316,614 ('614 patent). Because Mr. Weaver fails to identify any legally sufficient corroborating evidence to support his testimony that he contributed to the invention of the '614 patent, we *affirm* the district court's grant of summary judgment.

## BACKGROUND

The '614 patent is generally directed to a method and apparatus for conducting a sweepstakes. The patent originally issued listing five inventors, including Mr. Weaver. Soon after the patent issued, a certificate of correction changed the listed inventors to just Robert Houchin, the defendant-appellee in this case. Appellee App. 197. Approximately a year later, the delisted inventors filed a complaint seeking a declaratory judgment that they were "co-inventors and co-owners" of the '614 patent, along with other claims. *Id.* at 49.

At a pre-trial conference, the court ordered the plaintiffs to file a document that described each plaintiff's contribution to conception of the invention and identified evidence supporting their contributions to the '614 patent. The plaintiffs initially filed a description of their individual contributions and generally identified their supporting evidence. *Id.* at 197. They later supplemented this disclosure with a document further detailing their inventorship contentions. *Id.* at 184. Mr. Weaver's inventorship contentions listed the following evidence supporting his alleged inventorship: (1) "Hello Money Sweepstakes"; (2) "Testimony of Morris, Olmstead, Weaver"; (3) "Photo Money Talk game equipment"; (4) "Testimony Morris,

Dietz[,] Vaudrin, Weaver." *Id.* at 203. Mark Olmstead, Earl Morris, and Michael Dietz were Mr. Weaver's co-plaintiffs in this litigation, and each claimed to be co-inventors of the '614 patent. Soon after submitting their inventorship contentions and supporting evidence, Mr. Olmstead, Mr. Morris and Mr. Dietz dismissed their claims with prejudice.

Mr. Houchin filed a response to Mr. Weaver's inventorship contentions, arguing "it is apparent that [Mr. Weaver] has no independent, credible proof of co-inventorship, and his co-inventorship claim is ripe for adjudication." *Id.* at 220. Mr. Weaver replied, agreeing that "the facts are in sufficient agreement that this matter should be determine[d] by the Court on the pleading, depositions, documents and other items filed in this action." *Id.* at 285. The court construed Mr. Houchin's filing as a motion for summary judgment, *id.* at 2, and concluded "that plaintiff has failed to adduce sufficient independent, corroborating evidence to support his claims of co-inventorship," *id.* at 3.

Mr. Weaver initially appealed to the Fifth Circuit, which subsequently transferred the appeal to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295.

## DISCUSSION

We review the trial court's grant of summary judgment *de novo*. *Billups-Rothenberg, Inc. v. Associated Reg'l & Univ. Pathologists, Inc.*, 642 F.3d 1031, 1036 (Fed. Cir. 2011). Summary judgment is appropriate when, drawing all reasonable inferences in favor of the non-movant, there is no genuine issue as to any material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); Fed. R. Civ. P. 56(c). Inventorship is a question of law, which we review without deference. *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1460 (Fed. Cir. 1998). "To show

co-inventorship . . . the alleged co-inventor or co-inventors must prove their contribution to the conception of the claims by clear and convincing evidence." *Id.* at 1461. An alleged co-inventor's testimony standing alone cannot rise to the level of clear and convincing proof of inventorship. *Id.* Instead, "an alleged co-inventor must supply evidence to corroborate his testimony." *Id.* Whether testimony is sufficiently corroborated is evaluated under a "rule of reason analysis," which evaluates all pertinent evidence to make a determination of the credibility of the alleged inventor's story. *Id.* Typically, the "testimony of one co-inventor cannot be used to help corroborate the testimony of another." *Medichem, S.A. v. Rolabo, S.L.*, 437 F.3d 1157, 1171 (Fed. Cir. 2007).

On appeal, Mr. Weaver claims that the district court incorrectly granted summary judgment for three reasons. First, Mr. Weaver claims that "one troublesome aspect" of the decision is "that the court appears not to credit Weaver's contribution . . . based as it was only on the testimony of Weaver and the other plaintiffs." Appellant Br. 20. Mr. Weaver then argues that "it is doubtful that the issue of corroboration is amenable to summary judgment," since our "rule of reason" analysis involves a credibility determination "more appropriate for the fact-finder than the court in a summary judgment analysis." Appellant Br. 20-23. While Mr. Weaver concedes that testimony from alleged co-inventors, Mr. Morris, Mr. Olmstead, and Mr. Dietz, cannot be used to corroborate his own testimony, he nevertheless "submits that all of the evidence beyond co-inventor corroboration was fair game." Appellant Br. 23. He then identifies a large number of "conceptions and ideas contributed by the parties, other than Weaver." *Id.* n.2.

Mr. Weaver's arguments misunderstand the basis for the trial court's judgment: without corroboration, the oral

testimony cited by Mr. Weaver is simply insufficient as a matter of law to meet the clear and convincing standard of proof required to establish co-inventorship. "Throughout the history of the determination of patent rights, oral testimony by an alleged inventor . . . is regarded with skepticism, and as a result, such inventor testimony must be supported by some type of corroborating evidence." *Price v. Symsek*, 988 F.2d 1187, 1194 (Fed. Cir. 1993). While "[c]redibility concerns undergird the corroboration requirement," its ultimate purpose "is to prevent fraud." *Medichem*, 437 F.3d at 1170. The requirement that evidence be corroborated thus "provides an additional safeguard against courts being deceived by inventors who may be tempted to mischaracterize the events of the past through their testimony." *Id.* While it is true that the corroboration requirement seeks to allay credibility concerns, Mr. Weaver is wrong that this makes corroboration non-amenable to summary judgment.

The evidence proffered by Mr. Weaver in this case was insufficient as a matter of law to corroborate Mr. Weaver's testimony and prove, by clear and convincing evidence, that he was a co-inventor of the '614 patent. Mr. Weaver, along with his co-plaintiffs, submitted his evidence of co-inventorship to the court in the "Plaintiffs' Description of Each Plaintiff's Contribution to the Patent and Supporting Evidence" (Inventorship Description). Most of the evidence, however, is testimony from Mr. Weaver and his alleged co-inventors, which is legally insufficient proof of corroboration. *Medichem*, 437 F.3d at 1171.

The remaining cited evidence is the "Hello Money Sweepstakes," the "Photo Money Talk game equipment," and testimony from "Vaudrin." Appellee App. 203. This evidence does not help Mr. Weaver's corroboration problem. The "Hello Money" manual cited in the Inventorship

Description was apparently created by Mr. Morris and Mr. Olmstead, not Mr. Weaver, so it is unclear why this manual would support Mr. Weaver's inventorship allegations. Likewise, there is no explanation how the undated photograph of the "Money Talk" system, *id.* at 268, corroborates Mr. Weaver's testimony. *See Ethicon*, 135 F.3d at 1461 ("contemporaneous documents prepared by a putative inventor serve to corroborate an inventor's testimony"). Moreover, Mr. Weaver testified that "[t]here may be one thing in [the patent] that I kind of really contributed to," namely "a credit card style card, and that was kind of my suggestion." Appellee App. 274. It is unclear – and Mr. Weaver does not explain – how the photograph of the "Money Talk" system pictured supports his testimony that he conceived of using a credit card style card in the invention.

Finally, Mr. Weaver cites the testimony of Mr. Vaudrin as supporting corroborative evidence. Although Mr. Weaver testified that he talked to certain persons about his contribution to the invention, Mr. Vaudrin was not one of them. *Id.* at 275. He also testified that Mr. Vaudrin did not, to his knowledge, work on the invention, *id.* at 276, and that only Mr. Houchin, Mr. Morris, and Mr. Olmstead were present for the meetings where he helped conceive of his portion of the invention, *id.* at 275. Mr. Weaver does not dispute the district court's conclusion that Mr. Vaudin did not have "any personal knowledge of plaintiff's alleged contributions to the '614 patent" that allowed him to corroborate Mr. Weaver's testimony. *Id.* at 9. Without personal knowledge of Mr. Weaver's contribution, Mr. Vaudin's testimony is insufficient corroboration to prove by clear and convincing evidence that Mr. Weaver was a co-inventor of the '614 patent.

Without legally sufficient corroboration of his testimony, Mr. Weaver cannot establish that he should be a

co-inventor on the patent. *Ethicon*, 135 F.3d at 1461. Even drawing all factual inferences in his favor, Mr. Weaver still fails to identify sufficient corroborating evidence to establish his inventorship by clear and convincing evidence. As a result, the district court correctly held that summary judgment was appropriate in this case. We have considered Mr. Weaver's additional arguments on appeal and find them to be without merit.

**AFFIRMED**